ASPINWALL MANUF'G CO. *v.* GILL and another.

*(Circuit Court, D. New Jersey.   July 18, 1887.)*

PATENTS FOR INVENTIONS—LICENSE—INJUNCTION.
    Where it appears that a defendant has a license from the inventor and patentee to make, use, and vend 100 patent potato diggers, no injunction will be decreed to restrain the exercise of the license until he has fully enjoyed it, and where it appeared that defendant, under such license, had only made 50 machines, the injunction should be denied.

On Bill in Equity.   On digger patents.
*Francis Forbes*, for complainant.
*F. C. Lowthorp, Jr.*, for defendant.

BRADLEY, Justice. The bill in this case was filed to restrain the infringement of two certain patents granted to L. Augustus Aspinwall,— one dated February 3, 1880, and numbered 224,123, and the other dated September 19, 1882, and numbered 264,603,—both for improvements in potato diggers, and both assigned to the complainant by a deed bearing date February 24, 1883. The bill charges the defendants with infringement of the said patents, and prays for a decree for profits and damages. The defenses set up in the answer are—*First*, a license; and, *secondly*, an assignment.

The license claimed is the same as that which was set up in the suit on the planter patent, *ante*, 697, (just decided;) it being claimed under the same agreement, which provided for the manufacture of 100 planter machines and 100 digger machines. I held in that case that the defendants had exhausted the license for the manufacture of planters before the commencement of the suit, and had infringed the patents sued on by manufacturing in excess of the license. In the present case this has not been done. The defendants have not manufactured, all told, but 50 potato diggers of the 100 which they were authorized to manufacture. According to the views expressed in the other case, therefore, the defendants are not amenable to a suit for infringement of the digger patents. They went to large expense in getting out such machines as they did manufacture, and are entitled to a reimbursement of those expenditures from the proceeds of machines to be sold; and, as the said Aspinwall has interposed every possible obstacle in the way of their disposing of machines, it cannot be justly contended that their license will expire until they have made their full complement of 100 machines.

This disposes of the present case, and it is unnecessary to enter upon the consideration of the other defense, which is much the same as the second defense in the planter case, with the exception that the instruments called assignments of the digger only grant the right to make, use, and vend, (which is a mere license,) and only grant use of future improvements for the state of New Jersey. What this limited right may amount to, should the new digger machines be held to be mere improvements on the old machines, it is unnecessary, as before said, to consider at this time. The license is a sufficient defense to the present bill.

The bill is therefore dismissed, with costs.